208 So.2d 74

Taylor D. WILKINS

v.

George P. WOOLF et al.

1 Div. 437.

Supreme Court of Alabama.

March 7, 1968.

Wilson Hayes and Tolbert Brantley, Bay Minette, for appellant.

. J. B. Blackburn, Bay Minette, for appellees.

HARWOOD, Justice.

In a declaratory proceeding in equity, the Chancellor of the Baldwin County Circuit Court declared unconstitutional Act No. 818 (Acts of Alabama, 1965 Regular Session, Vol. II, pages 1530–1532, approved 2 September 1965).

The Act purports to place certain officials of Baldwin County on salaries in lieu of fees.

Amendment CCXXIX to our Constitution, proclaimed ratified 13 December 1965, provides in parts pertinent to this review:

"The legislature may, by general or local laws, fix, alter, and regulate the costs and charges of court and the fees, commissions, percentages, allowances, and salaries, including the method or basis of their compensation, to be charged or received by the judge of probate, sheriff, circuit clerk, register of the circuit court, tax assessor, tax collector, or any other officer of Baldwin . county, and may place any of such officers on a salary and provide that the

fees, commissions, percentages, and allowances collected by such officers shall be paid into the county treasury from which their salaries shall be paid. The compensation of such officers shall not be increased or diminished during their terms."

Pursuant to the authority of the above amendment, notice was duly given that a bill set forth in full in the notice, would be introduced in the Alabama Legislature.

The bill was entitled an act to change the method compensating certain officers of Baldwin County, placing such officers on a salary basis and providing for the operation of their offices on such basis.

A bill identical with the one as advertised was introduced in the legislature, but in its progress through the legislature certain provisions were altered, and some new ones were added.

It was the conclusion of the lower court that the differences between the Act as passed, and the bill as advertised, were so material and substantial as to be violative of Section 106 of our Constitution which requires notice of intention to apply for passage of special, private, or local laws by publishing as provided in Section 106.

In the bill as advertised, it was provided in Section 1 that:

"The following officers shall be entitled to receive annual salaries in lieu of any fees, commissions, percentages, and allowances, except as herein provided."

The annual salary of the Judge of Probate was fixed at $12,000.00. In the bill as passed, it was also fixed at $12,000.00.

The annual salary of the tax assessor and of the tax collector was fixed in the bill as advertised at $12,000.00, for each official, and was so fixed in the Act as passed. However, in the Act is the following provision, not found in the bill as advertised:

"In addition, the probate judge, the tax assessor, and tax collector shall each be entitled to ten cents per mile for each mile traveled on their annual visits to precincts in October and November of each year as provided by law."

In the bill as advertised, the salary of the sheriff was fixed at $10,800.00 annually, the salary of the clerk of the circuit court at $7,200.00 annually, the salary of the register at $3,000.00, and that of the coroner at $1,200.00.

The bill as advertised also provided that the fees, commissions, allowances, and court costs collected for the use of the county officers, should be paid into the general fund of the county. The Act likewise so provided.

In the Act the annual salary of the sheriff was fixed at $12,000.00 and that of the circuit clerk at $8,000.00, that of the register at $4,000.00, and that of the coroner at $1,200.00.

Further, in the Act it was provided that the sheriff should be entitled to allowances payable to the state for feeding prisoners, and also such mileage and expense allowances as may be payable according to law for returning or transferring insane persons to or from outside the county.

In the bill as advertised, it was provided that the Act should take effect on the first day of the second month next following the date of ratification of the amendment authorizing the legislature to change the method of compensating the officers named.

In the Act it was provided that it should take effect on the expiration of the current term of the officers affected thereby.

In the bill as advertised, it was provided that the court of county commissioners or other like governing body of Baldwin County should provide compensation for the clerks, deputies, assistants, etc., for the officers enumerated in the bill as

advertised in such numbers as might be reasonably necessary for the conduct of the respective officers, each respective officer having the right to select and discharge such assistants.

This provision was amended to the extent that in the Act the maximum annual allowances for salaries for assistants was fixed at $26,000.00 for the probate judge, $40,000.00 for the sheriff, $19,000.00 for the tax assessor, $10,000.00 for the tax collector, and $7,000.00 for the circuit clerk, with an additional proviso that " * * * salary and clerk hire and pay for assistance shall not exceed total amount paid under present fee system."

Both the bill as advertised and the Act as passed contained identical severability clauses to the effect that "If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains."

■ The purpose of Section 106 is to inform all those affected by local legislation of the proposed legislation to the end that they have an opportunity to oppose such legislation if they deem it unwise. Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321.

■■ The requirements of Section 106 are met if the published notice advises the local public of the substance of the proposed law, of its characteristic and essention provisions, of its most important features. Section 106 does not negative the right of the legislature to shape up and work out details of local legislation. Christian v. State, 171 Ala. 52, 54 So. 1001; Gray v. Johnson, 235 Ala. 405, 179 So. 221.

In State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, it is stated:

"If the details are not published but only the general nature of its substantive features, the public is put upon inquiry as to such details, and bound by a failure to inform itself, continuing through such changes and amendments as may stay within such substantive features as published. *But if the publication gives details, the public need not pursue the inquiry further in respect to such details; for the information is complete, and it has the constitutional right to assume that such details will not be materially changed throughout the journey of the bill to its final passage and approval."* (Italics ours.)

Nevertheless in Commissioner's Court of Winston County v. State, 224 Ala. 247, 139 So. 356, this court wrote:

"So we would not be understood as saying the publication of the proposed bill in full would make a provision thereof matter of substance which would otherwise be considered mere matter of detail."

This statement was approved in Gray v. Johnson, supra.

■ Another guiding principle of paramount importance is that courts seek to sustain, and not strike down, the enactments of a coordinate department of government. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity. Tucker v. State, 231 Ala. 350, 165 So. 249; Gray v. Johnson, supra. Although a statute may be invalid or unconstitutional in part, the part that is valid will be sustained where it can be separated from that part which is void. State ex rel. Farmer v. Haas, 239 Ala. 16, 194 So. 395. If after the deletion of the invalid part, the remaining portions of an Act are complete within themselves, sensible, and capable of execution, the Act will stand notwithstanding its partial invalidity. Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219.

Certainly the existence of a severability clause in the Act itself cannot but strengthen this principle.

While the requirements of Section 45 of our Constitution as to the limiting effect of the caption or title of an Act upon the

provision of the body of the Act itself, and the limitations imposed by the published notice of an Act as required by Section 16 of our Constitution upon the provisions of the Act itself are not identical, their similarity suggests the same line of reasoning in construing them, and the requirements of both constitutional provisions should receive a broad and liberal construction and avoid so strict a construction as would hamper and embarrass legislation. Gray v. Johnson, supra.

With these principles in mind we now consider the validity of the present Act, and provisions thereof if severable, as the same may have been affected by the published notice.

In the bill as advertised the annual salary of the sheriff was fixed at $10,800.00, that of the circuit clerk at $7,200.00, and that of the register at $3,000.00. In the Act the annual salary of the sheriff was fixed at $12,000.00, plus allowances for feeding prisoners and also mileage and expense allowances for transporting prisoners, or insane persons, to and from points outside the county; the salary of the circuit clerk was fixed at $8,000.00, and that of the register at $4,000.00.

■ Nothing can be included in the body of an Act which is not expressed in or covered by the title. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694. By analogy nothing can be included in the body of any local Act which exceeds those matters expressed in the notice of the Act. Having specifically fixed the annual salaries of the sheriff, circuit clerk, and register, in the notice, the legislature is bound by the salary limits fixed in the notice, and cannot go beyond those limits without violating Section 106 of our Constitution. We hold therefore that those provisions of Act 818 attempting to place the sheriff, circuit clerk, and register upon an annual salary in lieu of fees is invalid because violative of Section 106 of our Constitution.

■ However, the fact that the provisions of the Act attempting to place the sheriff, circuit clerk, and register upon an annual salary in lieu of fees, are invalid does not necessitate declaring the remaining portion of the Act unconstitutional if they are otherwise valid, since the provisions pertaining to the three above named officials are easily separable from the remaining portions of the Act. A separability clause should be given effect, where possible, to save legislative enactments. Alabama State Fed. of Labor v. McAdory, 246 Ala. 1, 18 So. 810; Allen v. Walker County, 281 Ala. 156, 199 So.2d 854.

■ The salary of the coroner was fixed at $1,200.00 annually in the advertised bill, and at this same amount in the Act. Clearly, those provisions of the bill relating to the coroner are valid.

The annual salary of the Probate Judge was fixed in the bill as advertised at $12,000.00, "which shall include his compensation for all ex officio duties"; the annual salaries of the tax assessor and the tax collector were fixed respectively at $12,000.00.

In the Act the salaries for these three officials were fixed respectively in the same amounts as fixed in the published notice.

However, in Section 2 of the Act it is provided:

"In addition, the probate judge, the tax assessor, and the tax collector shall each be entitled to ten cents per mile traveled on their annual visits to precincts in October and November of each year as provided by law."

Amendment CCXXIX provides that the legislature " * * * may place any of such officers on a salary *and provide* that the fees, commissions, percentages, and allowances collected by such officers shall be paid into the county treasury from which their salaries shall be paid." (Italics ours.)

■ Thus, by the express provisions of Amendment CCXXIX the legislature hav-

ing placed the probate judge, tax assessor, and tax collector on salaries, could not provide that these officers receive the allowances which were attempted to be granted in the proviso. Allen v. Walker County, supra. The fact that this proviso in the Act may be constitutionally invalid does not, however, necessitate the invalidation of the remaining provisions of Act 818 relating to the probate judge, tax assessor, and tax collector since the proviso is easily severable from the remaining portions of the Act. Allen v. Walker County, supra.

The published bill provided that it should be effective "on the first day of the second month next following the date of ratification of an amendment authorizing the legislature to change the method of compensating the officers named in this Act."

In the Act the effective date was fixed as "the expiration of the current term of office of each of the officers affected thereby" upon the ratification of the amendment above mentioned.

Under the provisions of Section 155 of our Constitution, judges of probate hold office for a term of six years, and their right to such office for the full term "shall not be affected by any change hereafter made by law * * *"

Thus the change in the effective date of the bill was necessary insofar as the probate judge was concerned. We see no reason why the legislature could not in its wisdom provide that the effective date of the bill should be at the expiration of the terms of all of the officers affected, a plan in accord with the general election laws.

■ It is our conclusion that the variance between the bill as advertised and enacted as to the effective date of the Act is not of sufficient substance to affect the validity of Act 818.

The lower court also found the bill invalid in that the published bill provided only that the county governing body should provide compensation for clerical help, dep-uties, etc., as was reasonably necessary for the efficient conduct of the respective offices, whereas the Act, while containing the same provision, also contained a provision in Section 2 fixing maximum allowances for such assistance for each respective office as above mentioned, and also a further proviso that:

"Total salary and clerk hire and pay for assistants shall not exceed total amount paid under present fee system."

It was the view of the lower court as to this aspect of the bill that:

"The said added provisions are conflicting and the added portion quoted above makes no provision for additional help which may be required in the various offices of a growing Baldwin County, Alabama."

■ Since the published notice provided that the county governing body should provide compensation for the assistants, deputies and clerical employees of the respective county officers, it was well within the power of the legislature under such notice to place in the Act maximum expenses allowable for the respective offices for assistants.

■ We agree with the lower court that there could arise a conflict between the proviso fixing the maximum amount allowed each office for clerical or other assistants, and the second proviso to the effect that the clerical expense "shall not exceed total amount paid under present fee system." In other words, the amount allowed for such help under the present fee system might not equal the maximum allowances fixed in the first proviso. However, it is a well settled principle of statutory construction that as between conflicting provisions of the same Act, the last provision in point of arrangement must control, and the fact of such conflict affords no ground for nullifying the Act. Hand et al. v. Stapleton et al., 135 Ala. 156, 162, 33 So. 689; Davis v. State,

16 Ala.App. 397, 78 So. 313. See also dissenting opinion of Thomas, J., in Williams v. State ex rel. Schwarz, 197 Ala. 40, 72 So. 330, 336, wherein authorities from this state and other jurisdictions enunciating this principle are collated.

To recapitulate, we hold:

1. That part of the decree of the lower court finding and adjudging those provisions of Act 818 purporting to place the sheriff, clerk of the circuit court, and the register, on salaries in lieu of fees was correct in that the Act in fixing the respective salaries higher than such salaries were fixed in the notice was violative of Section 106 of our Constitution, and in this aspect the decree of the lower court is affirmed.

2. That part of the decree holding invalid those provisions of Act 818 relating to placing the probate judge, tax collector, tax assessor, and coroner on salaries in lieu of fees is in error and is due to be reversed. We further hold, however, that those provisions in Act 818 attempting to grant additional allowances to the probate judge, tax collector and tax assessor are invalid, but that such provisions are easily severable from the Act and not of sufficient substance to invalidate the remaining portions of the Act relating to such officials.

3. We further hold that the remaining variances between the published notice and the Act, pertaining to the effective date of the bill, and the limitations on the compensation to be paid the assistants of the respective officers, are not of sufficient material substance to justify a holding that the remaining provisions of the bill are unconstitutional. Particularly since these invalid provisions are easily severable, and when so severed there remains a portion of the bill which is complete, sensible, and capable of being executed. See Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219.

Accordingly the decree of the lower court is due to be affirmed in part, reversed in part, and remanded to the lower court in order that that court may enter a decree in accord with this opinion.

Counsel for appellee has argued that since appellant has grouped and argued only four assignments of error, and two of such assignments being faulty, this decree should be affirmed for this reason.

The assignments grouped for argument are Nos. 1, 2, 11, and 13.

Assignment of error No. 1 reads: "The final decree of the court rendered January 18, 1967, is contrary to the evidence in the case."

Assignment of error No. 2 is to the same effect except that it asserts that the decree is contrary to the law of the case.

Assignments of error Nos. 11 and 13 are to effect that the lower court erred in decreeing that Act 818 to be unconstitutional and void because violative of Section 106 of the Alabama Constitution of 1901.

 While assignments of error 1 and 2 are faulty because alleging no error on the part of the trial court (see Ala.Dig. Vol. 2A, Appeal & Error, ☞731, for innumerable authorities), yet they are related to and present the single question raised by assignments of error Nos. 11 and 13. Under such circumstances the rule that if unrelated assignments are grouped for argument and one of such assignments is not well taken, review of the other assignments will be pretermitted, will not be invoked. Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.