313 So.2d 172

Price L. MITCHELL et al.

v.

MOBILE COUNTY, etc., et al.

SC 832.

Supreme Court of Alabama.

May 8, 1975.

Mylan R. Engel, Mobile, for appellants.

Armbrecht, Jackson & DeMouy, W. Boyd Reeves and A. Danner Frazer, Jr., Mobile, for appellee, Ray D. Bridges.

William J. Baxley, Atty. Gen., and Frederick S. Middleton, III, Asst. Atty. Gen., for all appellees.

EMBRY, Justice.

This is an appeal from a final judgment adverse to plaintiffs' claim that Act No. 1177 of the 1973 Regular Session of the Alabama Legislature is unconstitutional.[1] Plaintiffs, appellants here, are members of the Mobile County Personnel Board and the Director of that Board. Defendants, appellees here, are: Mobile County; Ray D. Bridges, Sheriff of Mobile County (his successor in office, Tom Purvis, has been properly substituted on appeal); all other counties and sheriffs thereof who come under the influence of Act No. 1177.

The trial court, after severing the first two sentences of the Act held the remaining portions constitutional, capable of execution, and construed "compensation" to mean "minimum basic salary." We affirm.

The full text of the Act is found in the final decree attached as Appendix.

Plaintiffs attacked this Act by complaint seeking declaratory judgment that the Act violated Ala.Const., Art. 4, §§ 45, 106, 110 and 111. Section 45 provides that an act shall be divided into sections and contain but one subject, clearly expressed in its title. Section 106 provides that local laws shall be advertised prior to passage. Section 107 prohibits repeal of local laws except after advertising. Section 110 defines general and local laws. Section 111 prohibits passage of a local law introduced as a general law. The complaint also alleged that the word "compensation" in the Act was vague. Defendants filed answers; defendant Bridges, an answer, cross-claim and counterclaim praying for enforcement of the Act. The matter was submitted to the trial court on pleadings, stipulation, exhibits, and brief testimony on a subject not related to this appeal. On February 28, 1974, the court rendered judgment declaring, *inter alia*, the first two sentences of the Act:

"* * * vague, confusing and ambiguous and are invalid, but that the re-mainder of said Act is competent to stand alone and *in view of the severability clause in Section 4,* is therefore valid and not repugnant to the Alabama Constitution of 1901, as amended.

"That the Act applies as of October 1, 1973, to all Counties of the State of Alabama having populations of not more than 600,000 according to the most recent Federal decennial census.

\* \* \* \* \* \*

"That the word 'compensation' in said Act means the minimum basic salary to be paid to each such deputy sheriffs and chief deputy sheriffs in the counties covered by Act 1177, excluding overtime pay, riot training pay, uniform allowances, insurance, retirement benefits, sick leave, and similar allowances and benefits \* \* \*" (Emphasis added.)

Appellants assert that the trial court erred in four aspects. We shall deal with each in turn.

I

Appellants contend that the Act as passed by the Legislature was a local bill and, as such, violated Ala.Const., Art. 4, § 106, for failure to comply with the advertising requirements of that section. Act No. 1177 was not advertised prior to its introduction. In support of the contention that Act No. 1177 was a local bill as passed, appellants argue that naming Madison County in the Act clearly indicates it is local and intended to apply to one county. Further it is contended the Act is a local one because:

"* * * As the bill is now written, all Counties in the State not having a Civil Service System would be included in the Act. However, if any of these Counties by subsequent legislation should come under a Civil Service System in their respective Counties, then this would have the effect of exempting them from this Act. Furthermore, should any of

---

1. Final decree is attached as Appendix hereto.

the Counties' population at some future date exceed the sum of 300,000 in population and not be under a Merit System, then this Act would no longer apply to that County. This obviously presents a double classification which is prohibited by the Alabama Constitution." (Appellants' brief at p. 20)

This argument that the operative effect of the Act is local in nature is answered by our recent decision in Hamilton v. Autauga County, 289 Ala. 419, 268 So.2d 30.

In *Hamilton:*

"Both parties agree[d] that the Act, when passed, contained exceptions which were clearly local laws and which, not having been advertised as required by Section 106 of the Constitution of 1901, were unconstitutional. The questions raised on this appeal are: * * * Whether the trial court erred in holding that, after removal of these unconstitutional exceptions, the remaining provisions of the Act were constitutional and should be given effect." 289 Ala. at 425, 268 So.2d at 35.

In the case before us the trial court struck the first two sentences of Act No. 1177. The reasons for so doing are not questioned in this appeal. In this posture the present case is on all fours with *Hamilton.*

■ The lesson of *Hamilton,* and cases cited therein, is that if the remaining portions of an Act are complete within themselves, sensible and capable of execution, the Act will stand where invalid portions were deleted in accordance with a severability clause.

The portions of Act No. 1177 which appellants claim make it a local Act were contained in these parts deleted by the judgment of the trial court. Hence, it matters not whether the Act as passed was a local one. That which *is* important is

whether the remaining portions are sufficient to stand alone.

■ The remaining portions of the Act apply equally to all counties with a population of less than 600,000. We cannot say such a population classification is unreasonable, or that it does not bear any rational relationship to the minimum salary established. Likewise, the remaining portions are complete, sensible, and capable of execution. *Hamilton,* supra.

II

Appellants' second contention is that Act No. 1177 was introduced in the Legislature as a general bill, amended to become, and passed as, a local bill thus violating Ala. Const., § 111.

In support of this contention appellants rely on the opinion of the minority in Opinion of the Justices, 284 Ala. 626, 227 So.2d 396. There Justices Merrill and Harwood opined that a severability clause could not save an act which violated § 111, for to permit such would be contrary to legislative intent. The majority were of the opinion that a severability clause permitted excise of portions of an act to save it from invalidity under § 111. The reasoning of the majority of the justices was followed in *Hamilton.* There it was noted that the act, there in question, was passed by the Legislature sixteen days after the justices rendered their opinion concerning the relationship between a severability clause and Ala.Const., § 111.

"Since the conjecture is indulged that the legislature would not have enacted Act 1170 without these exceptions, may not the converse also be indulged—that the legislature would not have accepted the amendments had it not relied on Opinion of the Justices, supra, that the severability clause would save the act if the amendments were held unconstitutional?" *Hamilton,* supra

■ It has often been stated that the purpose of the advertising requirement of

Ala.Const., § 106, is to prevent deception of those immediately affected by local legislation and allow such persons to oppose the proposed enactment if they desire. Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74; Marion County v. Middleton, 246 Ala. 464, 21 So.2d 312; Burns v. State, 246 Ala. 135, 19 So.2d 450; Gray v. Johnson, 235 Ala. 405, 179 So. 221. Ala.Const., § 111 provides:

"No bill introduced as a general law in either house of the legislature shall be so amended on its passage as to become a special, private or local law."

 It is clear that the purpose of this section is prevention of deception which could result from a local bill being passed but not advertised because it was introduced as a general bill. When an act is stripped of its local amendments, the reasons underlying both § 106 and § 111 no longer have validity. Since the remaining portions affect all within its ambit alike, there is not reason to guard against deception nor protect persons peculiarly affected.

 All the foregoing is, and must, be, predicated on the existence of a severability clause in the Act under consideration. The presence of such a clause is persuasive authority that the Legislature intends valid portions of legislative enactments to survive. *Hamilton* supra, and cases cited therein.

### III

 The third contention is made that use of the severability scalpel by the trial court enlarged the operation of the Act beyond that which the Legislature intended.

" * * * It is obvious from a careful reading of the Act, even though it is most vague and ambiguous in many areas, that the Legislature intended that

the Act apply only in Counties that did not have a Merit System with the exception of Mobile and Madison Counties. By deleting the first two sentences of Section I * * * [the Act was enlarged] to apply to all Counties * * * having a population of not more than 600,000. * * * We submit this was not the intent of the Legislature in passing this Act * * *" (Appellants' brief at p. 13)

There is no merit in this contention.

"While it was unquestionably the intention of the legislature to exempt certain counties from the general provisions of this Act, the plain and unambiguous language of the Act itself (to which our consideration is restricted) clearly indicates that the legislature also intended the Act to be severable. Therefore, we think we may logically conclude that the legislature intended that, in the event those provisions (exempting certain counties) might be stricken from the Act because they were unconstitutional, the remaining valid portions should survive and be given legal effect." Hamilton v. Autauga County, 289 Ala. 419, 268 So.2d 30.

### IV

 Appellants' last contention is that the trial court incorrectly construed "compensation" to mean minimum basic salary excluding overtime pay, riot training pay and other benefits and allowances (paraphrase from judgment below—see Appendix). Appellants and appellees have cited numerous cases which define "compensation." Such cases are often instructive, but we look to legislative intent in the *language of the Act* where that language requires clarification. We must find that intent *only* from the words in which it is expressed, applied to the facts existing at the time. Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59, 237 So.2d 108; Rodgers v. Meredith, 274 Ala. 179, 146 So.

2d 308; May v. Head, 210 Ala. 112, 96 So. 869; State v. Lamson & Sessions Co., 269 Ala. 610, 114 So.2d 893.

The purpose of Act No. 1177 is to provide for *uniform* minimum compensation of deputy sheriffs in counties with less than 600,000 population which irrevocably opt to come under the operation of that Act. If we were to assume that the Legislature intended "compensation" to include such remuneration as overtime pay, riot training pay and other benefits, it is difficult to believe that the Legislature would have included the words "uniform" and "minimum" in the Act. Overtime pay, riot training pay, and benefits may vary greatly from county to county and from individual to individual. The inclusion of such variables in "compensation" necessarily would defeat the desired uniformity envisioned by the Act. Those items could not be uniformly allocated among various deputies some of whom may work or train more than others.

We conclude that the trial court was correct in defining "compensation," *as it is used in Act No. 1177,* to mean the minimum basic salary of deputy sheriffs excluding all other pay and benefits.

Affirmed.

BLOODWORTH, MADDOX, ALMON and SHORES, JJ., concur.

HEFLIN, C. J., and MERRILL, FAULKNER and JONES, JJ., dissent.

### APPENDIX

### "FINAL DECREE

This matter came on to be heard on December 14, 1973, in open Court and was submitted to the Court on the pleadings, that is to say the complaint filed by Price L. Mitchell, Morris Berger and Charles Vaughan, as the duly appointed and qualified members of the Personnel Board for Mobile County, Alabama, and George H. Pierce, as Director of the Personnel Board for Mobile County, Alabama, seeking a declaratory judgment with respect to Act No. 1177, Regular Session of the Legislature of Alabama, 1973, approved September 19, 1973, the answer and counter-claim and cross-claim of the defendant Ray. D. Bridges, as Sheriff of Mobile County, Alabama, against plaintiffs and defendant Mobile County, a political subdivision of the State of Alabama, respectively, the answer of the defendant Mobile County and its answer to the cross-claim of the defendant Bridges, and the answer of all counties in the State of Alabama and the sheriffs of said counties by the Honorable William J. Baxley, Attorney General of the State of Alabama, and on the pre-trial order made and entered on November 16, 1973, under authority of Rule 16, Alabama Rules of Civil Procedure, the written stipulation entered into by the parties to this cause and the evidence adduced at said hearing. All parties were present by and through their respective counsel.

This Court, in accordance with the allegations in said pleadings and the issues formulated by the Court as set forth in the pre-trial order dated November 16, 1973, is called upon to determine whether said Act 1177 is Constitutional with respect to the Constitution of Alabama of 1901, as amended, and if it be held to be Constitutional, to construe the various provisions of said Act including, but not limited to, the meaning of the word 'compensation' in said Act, the word 'deputies', to determine when a sheriff must make an 'irrevocable election' and to determine what counties of the State the Act applies.

Said Act. No. 1177 as passed by the said 1973 Legislature, and approved September 19, 1973, reads as follows:

*Enrolled,* An Act, To provide for the uniform minimum compensation for all deputy sheriffs in certain counties having less than 600,000 population according to the last or any subsequent federal census in the State of Alabama.

BE IT ENACTED BY THE LEGISLA-
TURE OF ALABAMA:

*Section 1.* Except in counties where sal-
aries of deputy sheriffs are fixed and con-
trolled by a merit system provided never-
theless and however that Madison County
shall be under this Act. Except in coun-
ties where salaries of deputy sheriffs are
fixed and controlled by a merit system, or
Civil Service Boards, provided, however,
this exception shall be inapplicable in all
counties having populations of not less than
300,000 nor more than 600,000 according to
the most recent federal decennial census.
The compensation of all deputy sheriffs in
the various counties having less than
600,000 population according to the last or
any subsequent federal census of the State
of Alabama shall be not less than 600.00
per month, provided, however, that the
compensation of the Chief Deputy Sheriff
in each County shall be not less than 700.-
00 per month.

*Section 2.* The compensation provided
for by this Act shall be paid from any
funds available to the governing body of
any such county. That any Sheriff that
now has a deputy pay bill will have 30
days to make an irrevocable choice of
which pay bill to come under by advising
said county commission.

*Section 3.* Any law or parts of law in
conflict with the provisions of this Act are
hereby repealed.

*Section 4.* The provisions of this Act
are severable. If any part of the Act is
declared invalid or unconstitutional, such
declaration shall not affect the part which
remains.

*Section 5.* This Act shall become effec-
tive October 1, 1973.

And this matter having been considered
by the Court, it is, therefore, ORDERED,
ADJUDGED and DECREED by the
Court as follows:

1. That the first two sentences of Sec-
tion 1 of said Act, 'Except in counties
where salaries of deputy sheriffs are fixed
and controlled by a merit system provided
nevertheless and however that Madison
County shall be under this act. Except in
counties where salaries of deputy sheriffs
are fixed and controlled by a merit system,
or Civil Service Boards, provided, how-
ever, this exception shall be inapplicable in
all counties having populations of not less
than 300,000 nor more than 600,000 accord-
ing to the most recent federal decennial
census.', are vague, confusing and ambigu-
ous and are invalid, but that the remainder
of said Act is competent to stand alone and
in view of the severability clause in Sec-
tion 4, is therefore valid and not repugnant
to the Alabama Constitution of 1901, as
amended.

2. That the Act applies as of October 1,
1973, to all Counties of the State of Ala-
bama having populations of not more than
600,000 according to the most recent Fed-
eral decennial census.

3. The provisions of said Act 1177 ap-
ply in said counties covered by the same to
all duly appointed and acting deputy sher-
iffs and chief deputy sheriffs employed on
a full time basis as law enforcement offi-
cers and whose duties require them to en-
force the law generally and to execute
Court processes and orders of all kinds,
both civil and criminal, including, but not
limited to, the service of Court processes,
both civil and criminal, and the guarding
and supervision of prisoners.

4. That the word 'compensation' in said
Act means the minimum basic salary to be
paid to each such deputy sheriffs and chief
deputy sheriffs in the counties covered by
Act 1177, excluding overtime pay, riot
training pay, uniform allowances, insur-
ance, retirement benefits, sick leave and
similar allowances and benefits, which said
minimum shall be not less than $600.00 per
month in the case of deputy sheriffs and
not less than $700.00 per month in the case
of chief deputy sheriffs. In those counties
where the legal minimum compensation, as

defined herein, exceeds the minimums provided for in said Act 1177, said Act 1177 shall not effect a reduction in pay. The said respective minimum compensations shall commence as of October 1, 1973, the effective date of this Act, PROVIDED, NEVERTHELESS, that with respect to any County covered by said Act where there was in effect October 1, 1973, an Act of the Legislature governing the pay of deputy sheriffs, the sheriff of such county or counties shall have irrevocably elected to come under the provisions of Act 1177 within thirty (30) days after October 1, 1973, the effective date of the Act. No such election need be made by a sheriff of any other county in the State covered by this Act which is not subject to an Act of the Legislature covering the pay of deputy sheriffs in said county.

5. That an 'irrevocable election' by the Sheriff of a county covered by this Act, where an election is necessary, thereunder, shall be made to the county governing body in writing or orally, including the filing of an answer or pleading in this civil action, expressing such election, provided that the said election, including the filing of a responsive pleading in this suit, shall have been made within thirty (30) days after the effective date of this Act, October 1, 1973. It is further ordered that defendant Bridges, as Sheriff of Mobile County, has timely elected to come under Act 1177.

6. That the respective governing bodies of the counties to which Act 1177 is applicable as herein defined and ordered and where the respective sheriffs have made an election with respect to said Act, if necessary, as herein provided, shall pay said minimum compensation, as herein ordered, retroactively to October 1, 1973, and thereafter, out of any funds available to said respective county governing bodies.

7. That the costs of Court in this cause incurred are apportioned equally between the plaintiffs, the defendant Mobile County and the defendant Ray D. Bridges as Sheriff of Mobile County, for which let execution issue.

Done this the 28th day of February 1974.

s/ Robert E. Hodnette, Jr.
JUDGE"

HEFLIN, Chief Justice (dissenting):

In the dissenting opinion of Justice Merrill, in which I have concurred, in the case of Hamilton v. Autauga County, 289 Ala. 419, 268 So.2d 30 (1972), the following appears:

"In our recent decision of City of Mobile v. Salter, 287 Ala. 660, 255 So.2d 5, in dealing with a severability or separability clause, we cited Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45, and Spraigue v. Thompson, 118 U.S. 90, 6 S. Ct. 988, 30 L.Ed. 115, for the principle that 'If a clause in a statute which violates the Constitution cannot be rejected without causing the act to enact what the Legislature never intended, the whole statute must fall.'

"We also said in *Salter,* supra:

' * * * If the act thus deleted of the invalid part is competent to stand without the invalid part, and leaves an enactment complete within itself, sensible, and capable of being executed, it will stand, *unless the two parts—the valid and invalid—are so inseparable as to raise the presumption that the Legislature would not have enacted the one without the other. * * *'* [Emphasis supplied]"

In the present case after the invalid portions are stricken, Act No. 1177 of the 1973 Regular Session of the Alabama Legislature applies to all counties in the state with a population of less than 600,000. The Act as passed by the legislature excluded all counties where the salaries of deputy sheriffs were fixed and controlled by merit system or a civil service board. Obviously, this exception prevented legislative opposition from merit and civil service counties. In my judgment, the Act would

never have passed the legislature without the exclusion. It appears to me that the majority opinion by the use of the severability clause is making the Act effective in many counties in which the legislature intended that the Act not be effective. Thus, the treatment given the severability clause gives more effect than the expressed intention of the legislature in dealing with numerous counties of the state.

Therefore, I respectfully dissent.

MERRILL, FAULKNER and JONES, JJ., concur.