*732 To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of House Resolution 382, sponsored by Representative Zoghby, which states:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions of the following important Constitutional questions which have arisen concerning the pending H.B. 698 of the 1983 Regular Session, which bill pertains, inter alia, to any Class 2 municipality and provides for a referendum on the question of adoption of a mayor-council form of government or a council-manager form of government. It establishes in the alternative said forms of government and provides for penalties for violations of certain provisions. Said bill has been amended several times. Copies of said bill, as advertised and introduced, with amendments, are attached to this resolution and made a part hereof by reference.
“1. Would the amendments to said H.B. 698 that have been adopted and proposed be violative of Section 106 and Amendment No. 397 of the Constitution of Alabama of 1901 and Section 11 — 40-13 of the Code of Alabama 1975, requiring advertisement of bills relating to certain classified municipalities under Section 11-40-12?”
The purpose of H.B. 698 is to establish a new form of government for any Class 2 municipality in Alabama. The bill provides for a referendum to allow the qualified voters of such municipality to select the form of city government of their choice. While H.B. 698, on its face, relates to any Class 2 municipality, it is assumed for the purpose of addressing the inquiry submitted to us by H.R. 382 that this proposed legislation “applies to only one municipality” and, *733 therefore, must comply with the notice requirements established by Section 106 of the Constitution, as amended, and Amendment 397, as well as § 11-40-13, Code 1975. The proposed act, as introduced for consideration by the House, has been advertised, pursuant to Section 106 of the Constitution, as amended, and § 11-40-13. Your inquiry is whether the changes made by the amendments, adopted or proposed subsequent to the initial publication, require republication of H.B. 698 in its amended form.
The amendments are summarized as follows:
Amendment No. 1 simplifies the wording of the proposition to appear on the ballot, by allowing the voter to select one of three forms of government: mayor-council, council-manager, or district-commission; it also establishes procedure for a run-off election, not contained in the original draft, in the event that no one form of government is selected by a majority of the voters.
Amendment No. 2 substitutes for the State Department of Examiners of Public Accounts a certified public accountant to perform an annual audit of the city’s books.
Amendment No. 3 directs the mayor to set the salary of the city’s finance director, subject to approval by members of the council, should the mayor-council form of government be selected.
Amendment No. 4 simply deletes redundant and conflicting language from the section governing selection of a president of the city council.
Amendment No. 5 changes the day on which the new administration takes office and holds its first meeting from the first Monday in January to the second Monday in that month.
A proposed amendment to H.B. 698 states that, in the event a commission-by-district plan is adopted (the plan ordered by the U.S. district court), presently existing laws will govern any aspect of municipal government not addressed by the federal court’s order.
The purpose of Section 106 of the Constitution, and the related laws cited herein requiring publication of local laws, is to inform all those affected by local legislation of the proposed legislation so that they have an opportunity to express their views. Mitchell v. Mobile County, 294 Ala. 130, 313 So.2d 172 (1975); Wilkens v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968); Gray v. Johnson, 235 Ala. 405, 179 So. 221 (1938). The notice required is to advise people of the substance of the proposed law. In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81 (1949). But the notice requirements are not intended to restrict the legislative prerogative to shape and prescribe the details of local legislation. Houston County v. Covington, 233 Ala. 606, 172 So. 882 (1937); State ex rel. Van Deusen v. Williams, 143 Ala. 501, 39 So. 276 (1904).
After considering each of the amendments, we find nothing which changes the substance of H.B. 698, as expressed in its original form. To the contrary, these amendments address minor procedural matters or defects that often occur in the process of drafting any new legislation. An amendment to an act that does not change the substance of the act does not violate Section 106 and related law as to notice, where the substance of the proposed law has been given by publication as required. State ex rel. Brunson v. Eagerton, 212 Ala. 384, 102 So. 534 (1924).
The matter presently before us is distinguishable from Adam v. Shelby County Commission, 415 So.2d 1066 (Ala.1982), and Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala. 1982), cases in which this Court found that the differences between the substance of proposed legislation as published and as enacted were material and, therefore, viola-tive of Section 106 of the Constitution.
In Adam, the bill creating the Shelby County Planning Commission, as published, provided that regulations adopted by the planning commission would be approved by the county governing body; as enacted, the provision requiring approval by the county governing body was deleted. Also, as published, the proposed act contained no provi *734 sion limiting any activity or special interest groups within the county from zoning, but as finally enacted, it contained a provision excluding mining activities, railroads, and utilities from zoning. We found that these provisions of the act, as passed by the legislature, materially changed the substance of the act, and, thus, violated Section 106.
In Hoadley, the advertised version of the bill creating the Civic Center Authority provided for the members of the Board of Directors of the Civic Center Authority to be selected jointly by the House of Representatives and the Senate of our legislature; but in the enacted version, the Senate and House delegations were separated with the Senate delegation selecting five board members while the House selected only four board members. This Court decided that this change violated Section 106 because: “The filling of directorships in the Authority is important, and the authority designated to fill those offices is a matter of substance and not merely a detail which can be changed from the authority designated in the published notice to a different authority not designated in the published notice.” 414 So.2d at 900.
The amendments to H.B. 698 address matters of detail and do not change the substance of the act as previously advertised.
Your inquiry, as restated, is, therefore, answered in the negative.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES Justices.