The primary issue presented in this case is whether the trial court erred in declaring a local act of the legislature tying deputy sheriffs' pay to that of state troopers unconstitutional on a finding that the local act, as enacted by the legislature, materially varied from the bill as advertised, pursuant to § 106, Constitution of Alabama 1901. A secondary issue, whether the trial court abused its discretion in refusing to allow the deputies the right to amend their complaint, is also presented.
Because we conclude that the trial court was correct in its assessment of the law and its determination of the facts of this case, we affirm.
In 1982, the legislature passed Local Act No. 82-444, which dealt with minimum salaries for Mobile County deputy sheriffs. Specifically, Act No. 82-444 repealed two predecessor acts dealing with compensation for Mobile County deputy sheriffs, and set up a comparative pay scale that linked the pay of the Mobile deputies to that of Alabama state troopers, and provided for pay increases. Section 6 of the Act stated:
 "From the effective date of this Act all Deputy Sheriffs of Mobile County shall receive any salary increase, cost of living adjustment, or any other increase in compensation granted to any class of county employees. Such increase in compensation for the Deputy Sheriffs shall be equal in amount and paid at the same time as those granted to any class of employees of Mobile County."
On October 28, 1988, the Mobile County Commission and the Personnel Board of Mobile County gave Mobile County engineers a 20% pay increase. Immediately thereafter, a group of deputies made demand on the County Commission and the Personnel Board for a like pay increase based on § 6 of Act 82-444. The Commission and the Board refused to grant the deputies any similar salary increase.
In January 1989, a class action was initiated by the Deputy Sheriffs Law Enforcement Association of Mobile County ("Deputies"), seeking a declaration of the Deputies' right to the 20% pay increase and enforcement of that right once declared.
The County Commission and the Personnel Board answered the complaint, and as an affirmative defense asserted that Act No. 82-444 was unconstitutional. As grounds for their defense, the Commission and the Board asserted the following violations of the Alabama Constitution of 1901: 1) the "no material variance" requirement of Article IV, § 106; 2) the " one subject" requirement of Article IV, § 45; and 3) the *Page 241 
prohibition against retroactive pay increases for public officers found in Article IV, § 68.
On cross-motions for summary judgment, the trial court held Act No. 82-444 unconstitutional. The trial court determined that the Act violated the "no material variance" requirement of Article IV, § 106. Having found the Act invalid, the trial court entered a summary judgment for the Commission and the Board, and denied the appellant's cross-motion.
After the summary judgment was entered against them, the Deputies sought to amend their complaint to claim a cause of action based on the revived predecessor statute. The defendants moved to strike the amendment, and the court granted the motion. The Deputies appealed, raising the propriety of the summary judgment and the refusal of the trial court to permit them to amend their complaint.
The Deputies raise two issues on appeal: 1) whether Act No. 82-444, as enacted, materially varies from the Act that was advertised pursuant to Article IV, § 106; and 2) whether the trial court erred in not allowing their amendment. We address each issue and its concomitant sub-issues separately.
 The "No Material Variance" Issue
This Court has had opportunity to address the material variance issue on several occasions, and we will attempt to set out logically what we believe to be the law on the subject.
Article IV, § 106, of the Alabama Constitution of 1901, as amended by Amendment No. 341, states:
 "No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, . . . unless notice of intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be effected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties or if there is no newspaper published therein, then by posting the said notice for two consecutive weeks at five different places in the county or counties prior to the introduction of the bill. . . ."
The clear requirement of § 106, then, is that prior to the introduction of a local bill[1] in the legislature, the text of the bill must be published or advertised in the affected county or counties.[2]
The purpose of this notice requirement is threefold. One purpose is to inform all persons affected by the local law, thus giving them an opportunity to voice their opposition.Wilkins v. Woolf, 281 Ala. 693, 697, 208 So.2d 74, 77 (1968). Another purpose is to prevent deception of persons immediately affected. Jefferson County v. Braswell, 407 So.2d 115, 118
(Ala. 1981). A final purpose is to prevent the community involved from being misled as to the law's purpose, and thus to prevent a fraud on the public. Adam v. Shelby CountyCommission, 415 So.2d 1066, 1072 (Ala. 1982) (Maddox, J., dissenting).
The law is that an advertisement of a bill will satisfy § 106 if it advises local persons of the bill's substance, "itscharacteristic and essential provisions," or "its mostimportant features." Wilkins, 281 Ala. at 697, 208 So.2d at 77. "Substance" is defined as "'an intelligible abstract or synopsis of [a bill's] material and substantial elements.' "Phalen v. Birmingham Racing Commission, 481 So.2d 1108, 1119
(Ala. 1985), citing Birmingham-Jefferson Civic Center Authorityv. Hoadley, *Page 242 414 So.2d 895, 899 (Ala. 1982). Two other principles are applicable: 1) "the substance may be sufficiently stated without stating the details subsidiary to the stated elements";[3] and 2) "the legislature may shape the details of proposed local legislation by amending bills when presented for consideration and passage." Hoadley, 414 So.2d at 899.
The material variance rule has been described in different ways. In Phalen, this Court said that, upon comparing the law as enacted and the bill as advertised there must be no material or substantial differences. Phalen, 481 So.2d at 1119. Stating it differently, this Court has held that if upon comparing the enacted law and the advertised bill one finds material or substantial differences, then the entire law must be declared invalid. Calhoun County v. Morgan, 258 Ala. 352, 62 So.2d 457
(1952). The logical inquiry, then, is what is a material or substantial difference? That is, what is a material variance?
Our examination of the older case law in this area suggests that the material variance rule was once rather strictly applied. The clear trend of our modern cases seems to be to uphold legislation, rather than strike it down because of a finding that there was a material variance. SeePhalen, 481 So.2d at 1119-22; and Opinion of the Justices No.303, 435 So.2d 731, 733 (Ala. 1983). In fact, the modern case law reveals only three variances deemed important enough to be labelled "material": 1) the deletion or omission of a publicized approval mechanism, Adam, 415 So.2d at 1070; 2) the limitation on or exclusion of normally permissible activities not mentioned in the advertisement, Adam, 415 So.2d at 1070; and 3) any change in the advertised power to fill vacancies on newly created agencies or commissions, Parrish v. Faulk,293 Ala. 401, 304 So.2d 194 (1974), and Hoadley, 414 So.2d at 900.
To these three variances we would add another following logically from the "substance" requirement discussed previously. If an advertisement is so lacking in detail as not to be an "intelligible abstract or synopsis of the bill's material elements," Phalen, 481 So.2d at 1119, then logically the enacted law will materially vary from the advertisement. The law at issue here, Act No. 82-444, is a perfect example of this fourth type of material variance.
The advertisement published in Mobile County stated only that the bill sought to repeal Acts No. 76-710 and 80-797, both of which dealt with minimum compensation for Mobile County deputy sheriffs. The advertisement made no mention of tying the deputies' compensation to that of Alabama state troopers or of tying salary increases to similar increases given other classes of Mobile County employees. Because of these failings, we believe the trial court correctly found that the advertisement was not an intelligible abstract or synopsis of the major or substantial parts of the bill. We hold, therefore, that the trial court did not err in finding that there was a material variance between the bill, as advertised, and the Act, as finally adopted.
 The Amendment Issue
The appellants argue that if Act No. 82-444 is unconstitutional then the trial court erred in not allowing them to amend their complaint to add a cause of action arising under the revived predecessor statute. While we agree with the appellants that the predecessor statute was revived, we disagree that the trial court erred in refusing to permit the amendment to the complaint.
Revival of predecessor statutes has long been a part of American jurisprudence. See, E. Crawford, The Construction ofStatutes, § 321 (1940). Simply stated, revival means that the very act of declaring a statute unconstitutional brings the predecessor statute or the applicable common law rule back into full force. See, id.; and Dewrell v. Kearley, 250 Ala. 18, *Page 243 
32 So.2d 812 (1947). Thus, the trial court's declaration that Act No. 82-444 was unconstitutional automatically gave new life to the predecessor statutes, Acts No. 76-710 and 80-797.
Assuming, as the Deputies argue, that one of these revived statutes supports their claim to a salary increase, the question then is what procedural action was proper. The Deputies contend that the trial court should have allowed them to amend their complaint, after the entry of summary judgment, to add the new cause of action. They cite only Rule 15(a), A.R.Civ.P., as support for this claim. Specifically, they point to the language in Rule 15(a) that states that "such amendments shall be freely allowed when justice so requires."
The Deputies totally ignore cases such as Government StreetLumber Co. v. AmSouth Bank, N.A., 553 So.2d 68 (Ala. 1989), which found no abuse of discretion when a trial court disallowed an amendment after a summary judgment motion had been filed and scheduled for hearing. Applying the holding ofGovernment Street Lumber Co., we cannot logically hold that the trial court here abused its discretion by disallowing an amendment after the summary judgment had been entered.[4]
Having found that the trial court did not err in holding that there was a material variance between the bill as advertised and Act No. 82-444, as enacted, we affirm the trial court's judgment declaring the Act unconstitutional. Further, we find that the trial court did not abuse its discretion by disallowing the plaintiffs' amendment to their complaint.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] A "local law" is defined as "a law which is not a general law"Phalen v. Birmingham Racing Commission, 481 So.2d 1108, 1110
(Ala. 1985). A general law is defined by Article IV, § 110, Alabama Constitution of 1901, as "a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class."Id.
[2] This Court has held in Jefferson County v. Braswell,407 So.2d 115, 119 (Ala. 1981), that "the requirements of [§] 106 are satisfied by the giving of notice of a proposed local law to those who would be immediately affected by its enactment: persons within the locality in which the law is intended to, and by its very terms does, operate." (Emphasis in original.)
[3] In this same vein, there is ample authority for the proposition that a detailed advertisement will be more strictly scrutinized than a general advertisement. See, Phalen,481 So.2d at 1121; Adam, 415 So.2d at 1070; and Wilkins,281 Ala. at 697, 208 So.2d at 78. Logically, the more details included in the advertisement the more likely it is that material variances will be found upon comparison of the advertised bill with the enacted law.
[4] Our holding that the trial court did not err in refusing to permit the amendment should not be understood as holding that the appellants may not be able to allege a new and independent cause of action against the County Commission and the Personnel Board.