MADDOX, Justice
(dissenting).
I must respectfully disagree with the holding that the amendment of the bill in this case was such “a material change in the bill as published” that it violated the provisions of § 106 of the Constitution.
The majority opinion, in my judgment, fails to follow the modern rule set out by this Court in Deputy Sheriffs Law Enforcement Association of Mobile County v. Mobile County, 590 So.2d 239, 242 (Ala.1991):
“Our examination of the older case law in this area suggests that the material variance rule was once rather strictly applied. The clear trend of our modern cases seems to be to uphold legislation, rather than strike it down because of a finding that there was a material variance. See Phalen [v. Birmingham Racing Commission ], 481 So.2d [1108] at 1119-22 [ (Ala.1985) ]; and Opinion of the Justices No. 303, 435 So.2d 731, 733 (Ala.1983). In fact, the modern case law reveals only three variances deemed important enough to be labelled ‘material’: 1) the deletion or omission of a publicized approval mechanism, Adam [v. Shelby County Commission], 415 So.2d [1066] at 1070 [ (Ala.1982) ]; 2) the limitation on or exclusion of normally permissible activities not mentioned in the advertisement, Adam, 415 So.2d at 1070; and 3) any change in the advertised power to fill vacancies on newly created agencies or commissions, Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974), and [Birmingham-Jefferson Civic Center Authority v.] Hoadley, 414 So.2d [895] at 900 [ (Ala.1982)].
“To these three variances we would add another following logically from the ‘substance’ requirement discussed previously. If an advertisement is so lacking in detail as not to be an ‘intelligible abstract or synopsis of the bill’s material elements,’ Phalen, 481 So.2d at 1119, *1013 then logically the enacted law will materially vary from the advertisement. The law at issue here, Act No. 82-444, is a perfect example of this fourth type of material variance.”
The purpose of § 106 is to give citizens notice of what the Legislature will be considering. The amendment to the bill no doubt resulted from citizen involvement in the legislative process; therefore, the purposes of § 106 were accomplished.
Further, there seems to be no suggestion that the successful plaintiffs did not have adequate notice of the purpose of the legislation. In fact, they participated in the annexation election held pursuant to the provisions of the Act and were then permitted to attack its constitutionality after the election. Regardless of whether the amendment resulted from citizen pressure, I do not believe it was a material change as contemplated by § 106.
In my opinion, this Court’s early case of Mayor, etc. of Ensley v. Cohn, 149 Ala. 316, 42 So. 827 (1907), although it has been criticized, as the majority states, was decided shortly after the adoption of the 1901 Constitution, and I personally believe that it more correctly follows the intent of the framers of § 106 than do those decisions made by Justices further removed from the debates and concepts on the scope of § 106.