RICHARD L. JONES, Retired Justice.
These appeals are the second and third appeals involving these parties.[1] In the first appeal, the Deputy Sheriffs Law Enforcement Association of Mobile County (“the Deputies”), represented by attorney Richard G. Alexander, appealed from the trial court’s judgment 1) holding unconstitutional a local act that changed the method of compensation for Mobile County sheriffs deputies; and 2) disallowing the deputies’ attempt to amend their complaint to add a cause of action to “revive” the compensation statutes invalidated by the enactment of the unconstitutional local act. This Court affirmed that ruling in Deputy Sheriff’s Law Enforcement Ass’n. of Mobile County v. Mobile County, 590 So.2d 239 (Ala.1991).
The opinion in Deputy Sheriffs Law Enforcement Ass’n. contained the following footnote: “Our holding that the trial court did not err in refusing to permit the amendment should not be understood as holding that the appellants may not be able to allege a new and independent cause of action against the County Commission and the [Mobile County] Personnel Board.” 590 So.2d at 243, n. 4.
Following the affirmance of the trial court’s order in the first appeal, the Deputies, through new counsel, refiled their action, with a “Complaint for Declaratory Judgment and Appropriate Relief.” As a result of the second litigation, the parties were able to effect a settlement “resolving all issues and matters in dispute in this litigation.” The trial court entered its judgment on December 22, 1993, approving and adopting the settlement agreement, which included proposed legislation that would govern the compensation of the Deputies. Pertinent to the instant appeals is the provision of the settlement agreemeni/order that reads:
“2. Upon passage of the [proposed] Act set out in ‘Exhibit 1,’ the County shall:
“d).Pay $90,000.00 to Plaintiffs’ [Deputies’] counsel in payment of attorney’s fees.”
One week later, on December 29,1993, the trial court entered the following interlocutory order:
“This matter coming before the court on Attorney Richard G. Alexander’s claim of equitable interest in attorney’s fees and motion to intervene; ... it is hereby ORDERED, ADJUDGED, and DECREED that disbursement of the ninety thousand dollars ($90,000) ordered as attorney’s fees by the December 22, 1993, order be withheld pending a hearing ... to determine the propriety of said claim to attorney’s fees.”
The court held an evidentiary hearing on Alexander’s claims on January 20, 1994; at that hearing the trial court heard the testimony of 13 witnesses, including Alexander. On April 26, 1994, the trial court entered the following order, which gives rise to Alexander’s appeal that is now before us:
“This case originally arose from a complaint filed in August 1992, seeking a declaratory judgment and appropriate relief on behalf of one hundred twenty-eight (128) individual plaintiffs who were employed as deputy sheriffs in Mobile County. The relief sought, essentially, was to have the defendants pay the plaintiffs compensation pursuant to the provisions of Acts No. 76-710 and 80-797.
“Throughout the course of the litigation of this matter, the court encouraged the parties to use their best efforts to reach a settlement that would be satisfactory to all involved and avoid the protracted and complex further litigation of the issues involved. In December 1993, the parties informed this court that a settlement had *1123 been reached and the court, on December 22, 1993, entered its Order and Consent Decree adopting the terms of the parties’ settlement. The settlement was contingent on the passage of an act by the Alabama Legislature, an event which has since occurred.
“A part of the settlement between the parties was the defendants’ agreement to pay to the plaintiffs’ counsel an attorney’s fee of $90,000, a figure negotiated by the parties based upon the number of individual plaintiffs and the amount of compensation inuring to each. The testimony indicated that the parties negotiated a lump sum back pay award of $4,000 per plaintiff. Plaintiffs’ counsel agreed with his clients to reduce his contingency fee to an amount equal to $700 of the back pay award paid to each plaintiff. The Order and Consent Decree required a lump sum distribution of $3,300 per plaintiff and payment to plaintiffs’ attorney of $90,000.
“Shortly after the entry of this court’s Order and Consent Decree, attorney Richard G. Alexander, who is not an attorney of record in this case, filed a motion to intervene, seeking to assert what was styled as a ‘claim of equitable interest’ in the attorney’s fee the defendants had agreed to pay plaintiffs’ counsel. Richard Alexander asserted that the attorney’s fee was a ‘common fund’ from which he was entitled to be paid for his work in [the prior litigation and appeal] in which he had brought a class action claim against the defendants on behalf of the deputy sheriffs of Mobile County. In that prior action, judgment was rendered in 1990 for the defendants.
“In the prior case, Richard Alexander sought to compel payment of additional compensation to the class of deputy sheriffs of Mobile County under Act No. 82-444. Defendants argued, among other things, that Act No. 82-444 was unconstitutional, a position in which this court concurred. This court’s judgment was affirmed by the Alabama Supreme Court in a decision issued November 15, 1991. [Deputy Sheriff’s Law Enforcement Ass’n. of Mobile County v. Mobile County, 590 So.2d 239 (Ala.1991).]
“The effect of this affirmance was to revive Acts No. 76-710 and 80-797, which had previously been repealed by the now constitutionally infirm Act No. 82-444. In August of 1992, [the instant action] was filed by attorney Joseph Pierce on behalf of one hundred twenty-eight (128) individual plaintiffs. Joseph Pierce’s agreement with his clients concerning compensation for legal services was that he would receive a retainer of $5,000 and a ⅜ contingency fee of any amount collected.
“The court finds that at all times Richard Alexander represented his clients in a professional and diligent manner. However, he did not prevail on any of the theories asserted and his clients recovered nothing as a result of the prior lawsuit. In fact, the position asserted by Richard Alexander in the prior lawsuit, that Act No. 82-444 was constitutional and should be enforced, is antagonistic to the theory by which the plaintiffs realized a monetary recovery in the current case. It was the defendants’ assertion of an affirmative defense of the unconstitutionality of Act No. 82-444, which led to a revival of Acts No. 76-710 and 80-797 and the ensuing monetary recovery by the individual deputy sheriffs.
“It is also significant that all of the monetary relief paid pursuant to the Order and Consent Decree was the subject of and was specifically contemplated by the employment agreement between Joseph Pierce and his one hundred twenty-eight (128) individual clients. The court finds no ‘common fund’ from which a separate award of attorney’s fees can be awarded even if such an award were merited and appropriate. Moreover, the court can find no basis for interfering in contractual relationships between the individual plaintiffs and their counsel concerning payment of an agreed attorney’s fee.
“The court, since the January 20, 1994, hearing, has received written arguments from Richard Alexander’s attorney and from plaintiffs’ counsel and has reviewed all of the pleadings in the present case and in [the previous litigation]. Having carefully considered the evidence before the *1124 court and the law applicable to this issue, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:
“1. That the $90,000 attorney’s fee to be paid to the plaintiffs’ counsel does not constitute a ‘common fund’ in that it does not meet the requirements of the ‘common fund doctrine’ as defined by the law of Alabama. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala.1985); and Henley & Clarke v. Blue Cross/Blue Shield of Alabama, 434 So.2d 274 (Ala.Civ.App.1983).
“2. That Richard Alexander’s participation in [the previous litigation] does not establish any legal basis for claiming an equitable interest to an attorney’s fee in this present action.
“3. That there is no legal basis under Alabama law for the award of an attorney’s fee to Richard Alexander in this matter and his claim is denied.
“4. That Richard Alexander’s motion to intervene is granted.
“5. That the relief requested in the ‘Claim of Equitable Interest in Attorney’s Fees and Motion to Intervene’ is denied. “Done this 26th day of April, 1994.
7s/ R.E. Key “CIRCUIT COURT JUDGE”
Finding no basis for reversal, we affirm the judgment in case No. 1931249 and adopt the foregoing judgment of the trial court as the part of this Court’s opinion in regard to that appeal. Accordingly, the judgment in case No. 1931594, dismissing Alexander’s claim for attorney fees, is likewise affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
1931249 — AFFIRMED.
1931594 — AFFIRMED.
MADDOX, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.

. The appeal in 1931249 arises out of Richard G. Alexander's motion to intervene in the action brought by the Deputy Sheriffs Law Enforcement Association of Mobile County following the first appeal. The appeal in 1931594 arises out of an independent action brought by Alexander seeking to recover attorney fees for services rendered in the case involved in the first appeal. Because the two appeals present identical issues, the Court will address the issues as presented in the earlier of these two appeals (1931249).