MADDOX, Justice
(dissenting).
This Court has addressed the material variance issue on several occasions, and I will attempt to set out logically what I believe the law is on the subject; why I do not believe that Act No. 93-927 is unconstitutional; and, the reasons why I must respectfully disagree with the learned trial judge and with a majority of this Court.
Article IV, § 106, of the Alabama Constitution of 1901, as amended by Amendment No. 341, states:
“No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, ... unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties or if there is no newspaper published therein, then by posting the said notice for two consecutive weeks at five different places in the county or counties prior to the introduction of the bill....”
It appears to me that the purpose of this § 106 notice requirement is threefold: (1) to inform all persons who would be affected by the local law, thus giving them an opportunity to voice their opposition, Wilkins v. Woolf, 281 Ala. 693, 697, 208 So.2d 74, 77 (1968), overruled on other grounds; (2) to prevent deception of persons immediately affected, Jefferson County v. Braswell, 407 So.2d 115, 118 (Ala.1981), and (3) to prevent the community involved from being misled as to the law’s purpose, and thus to prevent a fraud on the public, Adam v. Shelby County Commission, 415 So.2d 1066, 1072 (Ala.1982) (Maddox, J., dissenting).
An advertisement of a bill will satisfy § 106 if it advises local persons of the bill’s substance, “its characteristic and essential provisions,” or “its most important features.” Wilkins, 281 Ala. at 697, 208 So.2d at 77. “Substance” is defined as ‘“an intelligible abstract or synopsis of [a bill’s] material and substantial elements.’ ” Phalen v. Birmingham Racing Commission, 481 So.2d 1108, 1119 (Ala.1985), quoting Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895, 899 (Ala.1982). Two other principles are applicable: (1) “the substance may be sufficiently stated without stating the details subsidiary to the stated elements”; and *201 (2) “the legislature may shape the details of proposed local legislation by amending bills when presented for consideration and passage.” Hoadley, 414 So.2d at 899.
The material variance rule has been described in different ways. In Phalen, this Court said, “The rule is that the legislation, when finally enacted, must not be materially and substantially different.” Phalen, 481 So.2d at 1119. In Deputy Sheriffs Law Enforcement Ass’n of Mobile County v. Mobile County, 590 So.2d 239, 242 (Ala.1991), this Court said, “Stating it differently, this Court has held that if upon comparing the enacted law and the advertised bill one finds material or substantial differences, then the entire law must be declared invalid.”
The logical inquiry, then, is what is a material or substantial difference? That is, what is a material variance? The majority finds that there is a substantial difference between the advertised version of the Act and the Act as finally adopted by the Legislature. Admittedly, there are differences, but are they so material that the “notice” requirement of the Constitution is violated to the degree that the legislative Act is void? I think not.
My examination of the older case law in this area suggests that the material variance rule was once rather strictly applied, but that the clear trend of our modern cases is to uphold legislation, rather than strike it down on the basis of a material variance. See Phalen, 481 So.2d at 1119-22; and Opinion of the Justices No. 303, 435 So.2d 731, 733 (Ala.1983). In fact, the modern case law reveals few variances deemed important enough to be labelled “material”: (1) the deletion or omission of a publicized approval mechanism, Adam, 415 So.2d at 1070, a case in which I dissented; (2) the limitation on, or exclusion of, normally permissible activities not mentioned in the advertisement, Adam, 415 So.2d at 1070; and (3) any change in the advertised power to fill vacancies on newly created agencies or commissions, Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974), and Hoadley, 414 So.2d at 900.
In Deputy Sheriffs Law Enforcement Ass’n of Mobile County, this Court added a fourth, which followed logically from the “substance” requirement that the Court had discussed in that opinion. That variance arises when an advertisement is so lacking in detail as not to be an “intelligible abstract or synopsis of the bill’s material elements,” Phalen, 481 So.2d at 1119; in such a situation, logically the enacted law will materially vary from the advertisement. The majority is of the opinion that the law at issue here, Act No. 93-927, is an example of this fourth type of material variance.
I think that it is important to realize that the “clear trend of our modem cases seems to be to uphold legislation, rather than strike it down because of a finding that there was a material variance.” See Deputy Sheriffs Law Enforcement Ass’n of Mobile County. It is, of course, axiomatic that “it is the duty of the courts to sustain the constitutionality of a legislative act unless it is clear beyond reasonable doubt that it is in violation of the fundamental law.” Crosslin v. City of Muscle Shoals, 436 So.2d 862 (Ala.1982). Furthermore, “the rule that a legislative act is presumed constitutional applies to an act allegedly unconstitutional under § 106.” Gray v. Johnson, 235 Ala. 405, 179 So. 221 (1938).
I have applied all of the tests that I believe to be applicable, and to me it is not clear beyond a reasonable doubt that the Act is unconstitutional. Consequently, I must disagree with my colleagues on this one.