To the Members of the House of Representatives
State Capitol
Montgomery, Alabama
Ladies and Gentlemen:
In House Resolution 11[1] you requested our opinion regarding H. B. 57[2] which *123 would amend Code 1975, § 17-4-138, to provide that only probate judges who receive compensation on the fee system and prepare lists of qualified electors shall receive $0.05 per name for preparation of such lists. The present § 17-4-138 makes no distinction between judges who are paid on the fee system and those who are not. The question that you have posed is as follows:
“Does Section 1 of H. B. 57, amending Section 17-4-138 of the Code of Alabama 1975, which in part deletes the language, ‘The judge of probate shall receive or such,’ and adds ‘and only those judges of probate, on the fee system who preparé such lists’ fall within the constitutional prohibition of Section 6.09(d) of Amendment No. 328 to the Constitution of Alabama of 1901?”
Our answer is yes.
In pertinent part, Ala.Const.1901, amend. 328, § 6.09(d), provides that “the compensation of a judge shall not be diminished during his official term.” Probate judges are included within the protection afforded by the above-quoted sentence in § 6.09(d). The present wording of § 17-4-138 does not distinguish between judges paid on the fee system and those not paid on the fee system. Presently, all probate judges are entitled to receive compensation of $0.05 per name for the preparation of lists of qualified electors. The proposed amendment would remove this form of compensation from probate judges not compensated on the fee system. It has been remarked that “the constitutional inhibitions against changes in the compensation of judges during their terms of office prohibit any and every kind of change in a judge’s salary, whether direct or indirect.” 46 Am.Jur. 2d Judges § 68, at 139 (1969) (footnote omitted). In the instant matter, the proposed change clearly would reduce the compensation of probate judges who are not compensated on the fee system for work performed in preparation of lists of qualified electors. It, therefore, contravenes amend. 328, § 6.09(d) and is unconstitutional.
Nevertheless, we note that if H. B. 57 were made effective at the expiration of the terms of all probate judges affected, the bill’s objective would be permissible and constitutionally valid. Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968).
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
OSCAR W. ADAMS, Jr. Justices
APPENDIX A
H.R. 11 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.B. 57, WHICH AMENDS SECTION 17-4-138 OF THE CODE OF ALABAMA 1975, PROVIDING PAYMENT FOR THE PREPARATION OF LISTS OF QUALIFIED ELECTORS.
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give their written opinions on the following important constitutional question which has arisen concerning the pending H.B. 57, amending Section 17-4-138 of the Code of Alabama 1975, to provide, inter alia, that only those judges of probate who are compensated on a fee system and who prepare the lists of qualified electors shall receive the $0.05 per name for preparation of such list, copies of which are attached to this resolution and made a part hereof by reference:
*124 1. Does Section 1 of H.B. 57, amending Section 17-4-138 of the Code of Alabama 1975, which in part deletes the language, “The judge of probate shall receive or such,” and adds “and only those judges of probate, on the fee system who prepare such lists” fall within the constitutional prohibition of Section 6.09(d) of Amendment No. 328 to the Constitution of Alabama of 1901?
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send sufficient true copies of the pending H.B. 57, with attachments, to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
APPENDIX B A BILL
TO BE ENTITLED AN ACT
To amend Section 17-4-138 of the Code of Alabama 1975, relating to the judge of probate, clerical assistants and certain boards of registrars and the preparation of lists of qualified electors, so as to provide further for the payment therefor.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. Section 17-4-138 of the Code of Alabama 1975, is hereby amended to read as follows:
“Section 17-4-138. (a) The judge of probate may employ such assistants and clerical help as may be necessary to complete and properly prepare the list of qualified electors which the judge or [sic] probate is required to furnish the election inspectors. Such assistants and only those judges of probate, on the fee system who prepare such lists, shall be paid out of the county treasury by warrants, drawn by the county commission on certificate of the probate judge, accompanied by the certificates of the person being paid, showing the amount is due under the provisions of this chapter, but the entire amount spent for the preparation of such lists shall not exceed a sum equal to the amount obtained by multiplying the number of names on said list by $.05 for the preparation of such list.
“(b) The judge of probate in all counties having a population of not less than 100,000 nor more than 350,000 according to the last or any subsequent federal census, is hereby authorized and directed to employ a clerk to assist the board of registrars of said county. The duties of said clerk shall be to submit to the board of registrars revised election lists of said county by placing all persons in their proper ward or precincts and eliminating therefrom all deceased, nonresident and ficticious [sic] persons named upon said roll and those convicted of crime, and shall further attend to all clerical work of the board of registrars. Such clerk shall be paid a compensation out of the county treasury, of not more than $250.00 per month, to be fixed by the judge of probate.
“(c) The board of registrars shall be furnished with not less than 450 square feet of office space by the county governing body. The chairman of the board of registrars is hereby authorized to purchase all necessary office equipment and hire all necessary part time or full time clerical help to perform its prescribed duties.
“(d) At the discretion of the board of registrars, voting machines may be placed in their office.”
Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

. Set out in Appendix A.

. Set out in Appendix B.