This is an appeal by Bobby Day, Probate Judge of Morgan County, from summary judgment entered against him in his suit for a writ of mandamus directed to the respondent members of the Morgan County Commission. We affirm.
Petitioner sought a writ to compel the respondents to pay him $19,662.96, plus interest, contending that he was owed this amount in fees under the authority of Code of 1975, § 17-4-138. That section is the codification of Act 79-465, Acts of Alabama 1979, and is a general act of statewide application.
In the trial court, and here, the respondents have denied any liability to petitioner, and have cited as authority Act No. 43-70, Acts of Alabama 1943. The cause was submitted to the trial court upon the pleadings, a stipulation of facts, and briefs. The trial court, upon consideration, denied the writ.
Factually, the case involves the preparation of alphabetical poll lists prepared from data generated by Morgan County computer facilities, which data are also used by the probate judge's office for non-election matters. Judge Day prepared the poll lists himself, and these were delivered to the county election inspectors. Afterwards, Judge Day submitted his claim for the above amount to the County Commission, which refused to honor the claim.
As was framed below, the issue was whether Act No. 43-70, the 1943 local act governing the compensation of the probate judge of Morgan County, was impliedly repealed by Act No. 79-465, a general act.
Act No. 43-70, in pertinent part, reads as follows:
 "1. Commencing on the first day of October, 1943, the Judge of Probate of Morgan County, Alabama, shall receive an annual salary of Five Thousand Dollars. Said salary shall be in lieu of all other compensation, commissions, allowances, fees, costs, percentages and emoluments to said officer, except as herein otherwise provided.
 "2. On and after October 1, 1943, said Judge of Probate shall collect all moneys, fees, compensation, commissions, allowances, costs, percentages, emoluments and other items allowed to and provided for a judge of probate by the general laws of Alabama then and thereafter in force, except as otherwise provided by local act applicable to Morgan County, and shall pay the same to the Chairman of the Board of Revenue and Control of Morgan County, who shall promptly deposit the same in the general fund of said county. All such money collected during one calendar month shall be paid to said Chairman of said Board on or before the tenth day of the following month.
". . .
 "4. The Board of Revenue and Control of Morgan County, Alabama, or other like governing body of said county, shall provide said Judge of Probate with the necessary books, records, equipment, furniture, fixtures, stationery, postage, and other supplies, and with sufficient clerks and assistants, the said Judge of Probate to have the authority to select and employ and discharge at will his clerks and assistants, and to fix their compensation, but the total compensation of said clerks and assistants shall not exceed the sum of Eight Thousand Four Hundred ($8,400.00) Dollars per annum, unless the Board of Revenue and Control, or other like governing body of said county, upon written request of said Judge of Probate, allows a larger sum therefor, not to exceed the sum of Ten Thousand ($10,000.00) Dollars per annum in any event, and provided that said compensation *Page 858 
shall not exceed the said rate of Eight Thousand Four Hundred ($8,400.00) Dollars per annum unless used for the purpose of compensating at least five regularly employed clerks and assistants. Said Board of Revenue and Control shall have authority to make an allowance for such compensation and to raise and lower the same within said limits, and subject to the above provisions, from time to time as conditions and circumstances may warrant.
 "5. Said clerks and assistants shall, for the compensation herein allowed, and without further expense to Morgan County, perform all services with reference to preparing all lists of qualified electors required by law to be prepared by said judge of probate. . . ." (Emphasis added.)
Acts of Alabama 1943, Act No. 70, May 28, 1943, pp. 34-36. Section 1 of this Act has been amended from time to time to increase the annual salary of the Morgan County probate judge. In 1982, Act No. 82-471 increased his annual salary, beginning at the next term, to $27,500 and further provided:
 "Such annual salary shall include the $4,500 per annum expense allowance provided in Section 1 of this act and shall otherwise be in lieu of any fees, salary, expense allowances or other compensation heretofore provided by law for said judge. Said $4,500 expense allowance shall cease at the beginning of the next term of office."
The 1979 act amended Code of 1975, § 17-4-25, by adding the words: "The judge of probate shall receive or." Amended § 17-4-25 has been renumbered and is presently § 17-4-138, which reads:
 "The judge of probate may employ such assistants and clerical help as may be necessary to complete and properly prepare the list of qualified electors which the judge of probate is required to furnish the election inspectors. The judge of probate shall receive or such assistants shall be paid out of the county treasury by warrants, drawn by the county commission on certificate of the probate judge, accompanied by the certificates of the person being paid, showing the amount is due under the provisions of this chapter, but the entire amount spent for the preparation of such lists shall not exceed a sum equal to the amount obtained by multiplying the number of names on said list by $.05 for the preparation of such list. The judge of probate in all counties having a population of not less than 100,000 nor more than 350,000, according to the last or any subsequent federal census, is hereby authorized and directed to employ a clerk to assist the board of registrars of said county. The duties of said clerk shall be to submit to the board of registrars revised election lists of said county by placing all persons in their proper ward or precincts and eliminating therefrom all deceased, nonresident and fictitious persons named upon said roll and those convicted of crime, and shall further attend to all clerical work of the board of registrars. Such clerk shall be paid a compensation out of the county treasury, of not more than $250.00 per month, to be fixed by the judge of probate."
Whether the enactment of a general law repeals a preexisting local law is, of course, dependent upon ascertaining the legislature's intent from the language used. Champion v.McLean, 266 Ala. 103, 95 So.2d 82 (1957). Certain principles applied in earlier cases, e.g. Connor v. State, 275 Ala. 230,153 So.2d 787 (1963), and expressed in Sutherland, Statutes andStatutory Construction (Sands 4th ed. 1985) § 23.15 at 245, have been helpful in resolving such an issue:
 "The enactment of a general law broad enough in its scope and application to cover the field of operation of a special or local statute will generally not repeal a statute which limits its operation to a particular phase of the subject covered by the general law. . . . An implied repeal of prior statutes will be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of prior special or *Page 859 
particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment. Therefore, where the later general statute does not present an irreconcilable conflict the prior special statute will be construed as remaining in effect as a qualification of or exception to the general law.
 "However, since there is no rule of law to prevent the repeal of a special by a later general statute, prior special or local statutes may be repealed by implication from the enactment of a later general statute where the legislative intent to effectuate a repeal is unequivocally expressed. A repeal will also result by implication when a comprehensive revision of a particular subject is promulgated, or upon the predication of a statewide system of administration to replace previous regulation by localities." (Footnotes omitted.)
To the same effect is this Court's observation on repeals by implication contained in Connor, supra, 275 Ala. at 234,153 So.2d at 791-92, quoting from 50 Am.Jur. Statutes, § 564:
 "There is no rule which prohibits the repeal implication of a special or specific act by a general or broad one. The question is always one of legislative intention, and the special or specific act must yield to the later general or broad act, where there is a manifest legislative intent that the general act shall be of universal application notwithstanding the prior special or specific act. It is, however, equally true that the policy against implied repeals has peculiar and special force when the conflicting provisions, which are thought to work a repeal, are contained in a special or specific act and a later general or broad act. In such case, there is a presumption that the general or broad law was not designed to repeal the special or specific act, but that the special or specific act was intended to remain in force as an exception to the general or broad act, and there is a tendency to hold that where there are two acts, one special or specific act which certainly includes the matter in question, and the other a general act which standing alone would include the same matter so that the provisions of the two conflict, the special or specific act must be given the effect of establishing an exception to the general or broad act. Hence, it is a canon of statutory construction that a later statute general in its terms and not expressly repealing a prior special or specific statute, will be considered as not intended to affect the special or specific provisions of the earlier statute, unless the intention to effect the repeal is clearly manifested or unavoidably implied by the irreconcilability of the continued operation of both, or unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the legislature contemplated and intended a repeal. Unless there is a plain indication of an intent that the general act shall repeal the special act, the special act will continue to have effect, and the general words with which it conflicts will be restrained and modified accordingly, so that the two are to be deemed to stand together, one as the general law of the land, and the other as the law of the particular case."
Applying these principles to the present issue, we cannot find that the 1979 act repealed by implication the 1943 Morgan County local act. We take note that the only change made in § 17-4-25 by the 1979 act was to allow the applicable fee to be paid to a probate judge or to a clerical employee of the judge. Under § 17-4-25, such employees were to be paid at the rate of $.05 per name. When the 1979 act was passed, there was a system for compensating such employees under § 17-4-25, and there was also a system for Morgan County provided by local act. That latter system required such employees to prepare lists of qualified electors "required by law to be prepared by said judge of probate" and the salary of those employees was in lieu of all other fees, etc. In this situation, we can discern no legislative intent to impose a uniform system statewide by *Page 860 
passage of the 1979 general act. The language of that act was apparently intended to compensate those probate judges willing to perform the work of listing the electors, hence the disjunctive language "judge of probate . . . or such assistants." Both statutes may stand together, are reconcilable, and do not conflict.
We find nothing in Opinion of the Justices No. 285,407 So.2d 122 (Ala. 1981), requiring a contrary result. The question propounded therein did not include consideration of a local act such as Act No. 43-70, the 1943 local act, but considered only the effect of the proposed change on the compensation of probate judges who were on a "fee system." Indeed, that opinion contained this qualifying language:
 "Nevertheless, we note that if H.B. 57 were made effective at the expiration of the terms of all probate judges affected, the bill's objective would be permissible and constitutionally valid. . . ." (Emphasis added.) 407 So.2d at 123.
It follows from what we have stated that the 1979 general act did not impliedly repeal the provisions of the 1943 local act which fixed the compensation of the probate judge, nor can we conclude that it repealed the provisions in the 1943 act making it the duty of the clerks in the probate judge's office to prepare the list of electors.
Accordingly, the judgment denying the writ of mandamus must be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.