This appeal involves an action arising out of a contract for the purchase of a lot and the construction of a house. It comes to us from the Circuit Court for Tuscaloosa County. James H. Wallace and Betty D. Wallace (plaintiffs) sued James R. Hughes (defendant), with whom they had contracted for the building of their house. Plaintiffs sought equitable relief and money damages. Defendant asserted a counterclaim alleging breach of contract. The case was tried before a jury, with the trial court deciding that a resulting trust of the lot arose in favor of plaintiffs. It ordered defendant to convey the lot to plaintiffs. Other, non-equitable, issues were submitted to the jury, which found that neither party should recover from the other. After the denial of his motion for a new trial, defendant appealed.
Defendant raises three issues for our review:
1. Did the trial court err to reversal by allowing defendant's former attorney to testify to an alleged agreement made earlier by the parties to resolve their dispute?
2. Did the trial court err to reversal by allowing testimony to explain the contract price as contained in the original written agreement between the parties?
3. Did the trial court err to reversal by not granting defendant's request for a jury trial on the equitable issue of the resulting trust?
We answer the questions posed by the first two issues in the negative. We find that defendant has failed to preserve error on the third issue, thereby precluding our review of it. Accordingly, the judgment of the trial court is affirmed.
On April 4, 1980, the parties entered into a written contract for the purchase of a lot and the construction of a house thereon. The contract recites the purchase price as being $52,000.00. Plaintiffs contend, and offered testimony at trial supporting their contention, that the purchase price was, in fact, a composite of three separate items. They insist that $41,000.00 was defendant's fee for constructing the house. The realtor's fee of $2,700.00 was the second item plaintiffs claim was included in the total purchase price. The third item, $8,300.00, for the lot, made up the balance, according to plaintiffs. Plaintiffs further claim that they paid the $8,300.00, for the lot, and allowed the deed to be placed in defendant's name so that he could obtain a construction loan to build the house. Defendant denied that and offered a different explanation at trial. He testified that he was to be paid $52,000.00 if he built the house for plaintiffs, but only $41,000.00 if he built the house for the realtor involved in the transaction. After entering into the contract, defendant began work on the house. A dispute subsequently arose between the parties, as a result of which plaintiffs instructed defendant to stop work on the project. He did, and consequently he did not finish the house.
In an effort to settle the dispute, plaintiffs' attorney wrote to defendant, detailing *Page 983 
a proposal to allow defendant to permanently withdraw from the job and be paid a reduced fee and deed the lot back to plaintiffs. At trial, plaintiffs called John Moeller, Esq., defendant's former attorney, to testify. Over defendant's objection Moeller testified that he orally accepted the proposal for the defendant, and that defendant signed a deed, but that he did not deliver the deed to plaintiffs' attorney because defendant refused to abide by the agreement. By count two of their complaint, plaintiffs seek specific performance of the agreement which they allege defendant's former attorney accepted.
Defendant's argument that the trial court erred to reversal by allowing Moeller to testify to the parties' second agreement is not well founded. We decline to consider defendant's argument that the agreement violated our statute of frauds as contained in Code 1975, § 8-9-2 (5). Under Rule 8 (c), Alabama Rules of Civil Procedure, the statute of frauds is an affirmative defense which must be specially pleaded. His failure to do so constitutes a waiver of that defense. Campbellv. Campbell, 371 So.2d 55 (Ala.Civ.App. 1979); Miller v.Brown-Fikes Ford, Inc., 370 So.2d 1052 (Ala.Civ.App. 1979). Although defendant points out that he attempted to amend his pleadings pursuant to Rule 15, A.R.C.P., and thereby raise the statute of frauds defense, his attempt to do so did not come until Moeller was on the stand. It is within the trial court's discretion to allow an amendment under the rule, and absent an abuse of that discretion we will not reverse. EmployersCasualty Company v. Hagendorfer, 393 So.2d 999 (Ala. 1981);Stallings v. Angelica Uniform Company, 388 So.2d 942 (Ala. 1980); B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979). Here, defendant advances no justifiable reason for failing to raise the defense earlier. Indeed, we can perceive of none. The trial court properly denied defendant's untimely motion.
Defendant argues that Moeller's testimony violated the attorney-client privilege, and was erroneously allowed into evidence by the trial court over his objection. We disagree. Statements made by a client to his attorney for communication to a third person, or which are to be made public, or which necessarily must be made public in the discharge of the attorney's duty to his client, are not protected by the privilege. Sawyer v. Stanley, 241 Ala. 39 at 42, 1 So.2d 21 at 23 (1941); Ex parte Griffith, 278 Ala. 344, 178 So.2d 169
(1965). Moeller's testimony related to matters clearly intended for communication to plaintiffs' attorney, and, thus, do not come under the cloak of the attorney-client privilege. Defendant's argument is without merit.
Lastly, defendant argues that admission of testimony during plaintiffs' case explaining the contract purchase price of $52,000.00, violated the parol evidence rule. It is unnecessary for us to consider defendant's argument. Defendant also testified extensively about the purchase price, offering a different explanation as noted above. He cannot claim that plaintiffs' explanation of the purchase price violated the parol evidence rule, and constituted reversible error, when he also sought to explain that the purchase price meant something other than that which was stated. No reversible error exists.
For all of the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.