PER CURIAM.
Time Insurance Company and Charles Whitley petition this Court for a writ of mandamus ordering the trial judge to vacate his order compelling Charles Whitley to testify regarding discussions between him and Attorney Andrew Sinor, held immediately before the taking of Mr. Whitley’s deposition. We grant the petition.
Norman Matthews sued Time and one of its agents, alleging breach of contract, bad faith failure to pay an insurance claim, and fraud. Mr. Matthews applied for a life insurance policy from Time in the fall of 1989. This policy was issued in December 1989. Antonius Matthews, a dependent child named in the policy, died on October 6, 1990. Time hired Equifax Services to investigate the claim. Whitley, an employee of Equifax, was instructed to gather medical records and other information; this information was forwarded to Time and was used as a basis for denying Matthews’s claim. Matthews sued; he subpoenaed Whitley for deposition. Whitley contacted Sinor, who, he had been informed, was representing Time, and arranged a meeting to prepare for the deposition. At the deposition, Whitley was asked whether he and Sinor had met before the deposition and, if so, what had been discussed at the meeting. Sinor advised Whitley not to answer the question, on the grounds that the information was protected under the attorney-client privilege. Matthews contacted the trial judge, who instructed Whitley to answer the question. Sinor again objected, and the trial judge informed the parties that they could prepare briefs on the question. Matthews then filed a motion to compel Whitley to testify as to his communications with Sinor. The trial judge granted the motion. Time then filed this petition for a writ of mandamus directing the trial judge to vacate his order compelling Whitley to testify to the discussion between him and Sinor that had occurred before the deposition.
“Mandamus is the appropriate vehicle for testing the correctness of an order governing discovery.” Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357, 1361 (Ala.1989). However, a writ of mandamus is issued “only where petitioner shows a clear, specific legal right,” Karagan v. City of Mobile, 420 So.2d 57, 59 (Ala.1982), and the “question on review is whether under all the facts, the trial court abused its discretion.” Great American, at 1361. In this ease, the facts are not in dispute; only the trial court’s interpretation of the law as applied to the facts is disputed. Where the operative facts of a ease are not in dispute, the ore tenus rule does not apply. Brooks v. Resolution Trust Corp., 599 So.2d 1163 (Ala.1992).
Time claims that an attorney-client relationship was established between Whitley and Sinor and that the conversation between them is, therefore, privileged; or, in the alternative, that Whitley was acting as Time’s agent and that his communications with his principal’s attorney are privileged because they relate to the issue, facts, and discovery in pending litigation. Matthews argues that there was no attorney-client relationship between Whitley and Sinor, that Whitley was not Time’s agent, and that even if neither of these first two arguments is correct, the conversation is still not privileged because, Matthews says, the communications did not concern matters requiring legal skill, and/or because the communications were in furtherance of a crime, a tort, or a fraud.
The elements of the attorney-client privilege are set out by C. Gamble, McElroy’s Alabama Evidence, § 388.01 (4th ed. 1991): “(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client [are privileged]_” (Citing Dean Wigmore.) Under this test, we must conclude that the communications between Whitley and Sinor are privileged. Whitley sought legal advice from Sinor, who is a legal adviser, and their communications were made in confidence. The advice was sought in preparation for a deposition; therefore, it must be assumed that the communications were related to the pending matter and that Sinor’s advice was being sought in his capacity as a legal adviser. Additionally, Whitley said in his affidavit that, before the deposition, he had contacted Sinor because he “would like to have legal representation for [his] benefit and the benefit of [his] principal, Time Insurance Company.” He *585 said- that he had “asked Mr. Sinor if he would serve as [his] attorney in this litigation and in preparing for and during [his] deposition.” This is undisputed, and it is, therefore, clear that there was an attorney-client relationship between Whitley and Sinor. Because they had an attorney-client relationship, we need not address the claim of agency.
Matthews claims that the matters are not privileged, even if Sinor and Whitley had an attorney-client relationship, because, Matthews says, the communications did not concern matters requiring legal skill and were made in furtherance of a crime, a tort, or a fraud. Preparing a client for a deposition is clearly a matter requiring legal skill. Additionally, we have only Matthews’s allegation, with no supporting evidence, that the communications were made in furtherance of a crime, a tort, or a fraud.
For the foregoing reasons, the petition for the writ is due to be granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.