TAYLOR, Presiding Judge.
The petitioner, Apolinar, alias Paul Gonzalez, filed this petition for a writ of mandamus directing the Honorable John Jolly, circuit judge for the thirty-fourth judicial circuit,[1] to *1222 rescind his ruling that no attorney-client privilege existed between the petitioner and attorney Rebecca Green-Thomason. The petitioner and his wife, Kim Gonzalez, were indicted for murdering their five-year-old daughter, an offense made capital because the victim was under 14 years of age, see § 13A-5-40(a)(15), Code of Alabama 1975.
On November 20, 1993, the petitioner and his wife, Kim Gonzalez, reported to police that the petitioner’s five-year old daughter, Andrea Gonzalez, was missing.[2] Shortly after Andrea was reported missing, Kim Gonzalez met attorney Rebecca Green-Thoma-son, whose child had died. Green-Thomason and Kim Gonzalez became friends. Media coverage of the child’s disappearance was extensive, and her case was the subject of the television show America’s Most Wanted. Green-Thomason became the Gonzalezes’ spokesperson. Approximately 15 months after Andrea’s parents reported her missing, Kim Gonzalez confessed to killing Andrea and led the police to Andrea’s body, which had been thrown in a lake known as Mon Dye Bottoms. The Gonzalezes were both present when divers searched for the body. At that time the petitioner confessed that he had actually disposed of the child’s body.
The petitioner filed a pretrial motion, asking the court to find that an attorney-client relationship existed between him and attorney Green-Thomason. At the hearing on the petitioner’s motion to determine whether an attorney-client relationship existed between him and Green-Thomason, Green-Thomason maintained that she was not the Gonzalezes’ attorney and that, in fact she had repeatedly told them that they needed to retain a lawyer. Green-Thomason’s secretary corroborated her testimony, stating that she heard Green-Thomason tell the couple that she did not represent them. Green-Thomason said that she was dealing with the press because she was a friend of the Gonzalezes and wanted to help — not because she had been retained by them as their counsel.
The petitioner maintained in his motion that Green-Thomason had been engaged to represent him and his wife, that she had provided legal services to them, and that in her capacity as lawyer she had negotiated a book and movie contract based on the ease.
The court denied the motion. This petition for a writ of mandamus followed.
The petitioner makes many contentions, all of which revolve around the issue whether an attorney-client relationship existed between Green-Thomason and the petitioner. The petitioner specifically alleges, among many other allegations, that Green-Thomason violated the attorney-client privilege by aiding the police in their investigation of him and his wife.
Initially, we must determine if a petition for a writ of mandamus is the appropriate vehicle to address the issue presented in this case. The writ of mandamus is an extraordinary writ that will only be granted if four requirements are met. There must be: 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. Ex parte Department of Human Resources, 620 So.2d 619, 620 (Ala.1993).
Appellate courts have reviewed issues concerning the existence of an attorney-client privilege by way of mandamus. See Ex parte Time Insurance Co., 646 So.2d 583 (Ala.1994); Ex parte McDuffie, 624 So.2d 1063 (Ala.1993). However, mandamus will not be used to review rulings on matters that are discretionary in the trial court. Water Works & Sewer Board of the City of Birmingham v. Shelby County, 624 So.2d 1047 (Ala.1993). As the Alabama Supreme Court stated in Ex parte W.Y., 605 So.2d 1175 (Ala. 1992):
“The writ will not issue in the absence of a “clear legal right in the petitioner to the order sought.” ” Ex parte Izundu, 568 So.2d 771 (Ala.1990). Through this remedy, a petitioner may compel only the exer *1223 cise of judicial discretion; he may not compel a particular result. Ex parte Bertr-Acadia, Ltd., 566 So.2d 486 (Ala.1990); Ex parte Rogers, 533 So.2d 245 (Ala.1988). Consequently, discretionary acts that are based on valid factual findings are outside the scope of mandamus. Ex parte Redd, 73 Ala. 548, 550 (1883) (the Supreme Court ‘will command the inferior tribunal to proceed to judgment, but will not dictate the judgment he shall render’).”
605 So.2d at 1177. (Emphasis in original.)
The Alabama Supreme Court in Ex parte Time Insurance Co., reviewing by petition for a writ of mandamus a trial court’s ruling concerning an attorney-client relationship, stated:
“ ‘Mandamus is the appropriate vehicle for testing the correctness of an order governing discovery.’ Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357, 1361 (Ala.1989). However, a writ of mandamus is issued ‘only where petitioner shows a clear, specific legal right,’ Karagan v. City of Mobile, 420 So.2d 57, 59 (Ala.1982), and the ‘question on review is whether under all the facts, the trial court abused its discretion.’ Great American, at 1361. In this case, the facts are not in dispute; only the trial court’s interpretation of the law as applied to the facts is disputed. Where the operative facts of a case are not in dispute, the ore tenus rule does not apply. Brooks v. Resolution Trust Corp., 599 So.2d 1163 (Ala.1992).”
646 So.2d at 584.
In this case, however, the evidence concerning the existence of the attorney-client relationship was factually disputed by the petitioner and Green-Thomason. The court resolved those facts against the petitioner. Because the court’s ruling was based on a finding as to conflicting evidence, the ore tenus rules applies; thus the writ of mandamus will not issue.
The resolution of this issue against the petitioner renders many of the other issues he raises moot. Furthermore, many of the petitioner’s contentions raised in this mandamus can be adequately reviewed by way of appeal. The petition for a writ of mandamus is due to be denied.
PETITION DENIED.
All the Judges concur.

. Effective January 1, 1996, Rule 10.3, Ala. R.Cr.P. was amended to state: "The judge of the *1222 transferring court shall preside over the case in the court to which the case is transferred." The instant case was transferred to Pike County.

. Kim Gonzalez was Andrea's stepmother.