The petitioners, the City of Leeds and Jack Courson, a former mayor of Leeds, seek a writ of mandamus directing Circuit Judge William J. Wynn to vacate his order of February 27, 1996, directing Courson to disclose certain communications with James W. Porter II, attorney for the City of Leeds, which Courson claims are protected under the attorney-client privilege. We grant the writ.
The plaintiffs in a one-car motor vehicle accident that occurred in the City of Leeds sued the City, claiming that it had a duty to maintain, but had negligently maintained or had failed to maintain, the road where the accident occurred. Courson, the former mayor, was subpoenaed for a deposition as part of the plaintiffs' discovery in this case. The plaintiffs sought information concerning Leeds Resolution 87-1, which they say concerns the road where the accident occurred.
Courson states in an affidavit that he sought Porter's legal advice in order to prepare for the deposition. Courson states that it was his specific belief that his conversations with Porter were privileged, confidential, and private. According to Courson's affidavit, he and Porter communicated about matters relevant to the litigation. Courson says he was under the clear impression that Porter represented him for the purposes of the deposition. The deposition was held, and the plaintiffs' attorney sought to question Courson about the communications he had had with Porter. Courson refused to answer the attorney's questions, on the grounds that these communications were protected by the attorney-client privilege.
When Courson refused to answer, the plaintiffs' attorney telephoned the trial judge, Judge Wynn, to discuss the matter. Judge Wynn recommended that the deposition proceed while he researched the issues. At the end of the deposition, the plaintiffs' attorney again attempted to ask certain questions; Courson again objected, contending that the questions related to matters within the scope of the attorney-client privilege. Judge Wynn was telephoned again, and he advised the attorneys that the deposition should be concluded and that the matters Courson claimed were subject to the privilege should be briefed for him.
On February 26, 1996, the City and Courson moved for a protective order and filed a brief in support of their motion, asking Judge Wynn to protect Courson's communications with Porter as being within the attorney-client privilege. On the same day, the plaintiffs moved to compel Courson to divulge the contents of his conversations with Porter.
On February 27, 1996, Judge Wynn entered the following order:
 "Plaintiffs' motion to compel and motion to strike are before the Court. [I have] reviewed extensive briefs and citations on this point submitted by counsel for both sides.
 "The sanctity of the attorney-client privilege is a matter of singular import and impact. However, relying upon Upjohn Co. v. United States, 449 U.S. 383, 394-95 [101 S.Ct. 677, 684-85, 66 L.Ed.2d 584] (1981), and Nakajima v. General Motors Corp., 857 F. Supp. 100 (1994), [I find that the] plaintiffs' motion to compel is due to be granted.
 "Specifically, Mayor Courson's testimony is not protected by [the] attorney-client privilege. Hence, the deposition is ordered to resume, and [defense counsel's] objections and previous instruction not to answer are overruled and found to be without merit (in light of the above-cited decisions).
 "Plaintiffs' motion to strike is moot, in light of this court's ruling, and its basis therefor."
The City and Courson have petitioned for the writ of mandamus, contending that the circuit court erred in granting the plaintiffs' motion to compel. This Court stayed the proceedings below and ordered an answer and briefs.
The writ of mandamus is an extraordinary remedy. One seeking it must show "(1) a clear legal right . . . to the order *Page 1173 
sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parteAlfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parte Johnson,638 So.2d 772, 773 (Ala. 1994).
The petitioners contend that this case is governed by Rule 502, Ala.R.Evid., which deals with the attorney-client privilege. Rule 502(a)(1) defines a "client" who may claim the privilege as "a person, public officer, corporation, association, or other organization or entity, either public or private, that is rendered professional legal services by an attorney, or that consults an attorney with a view to obtaining legal services from the attorney." The petitioners argue that Courson is Porter's client under this definition, and that Courson may claim a privilege for his communications with Porter.
The petitioners cite Ex parte Time Insurance Co.,646 So.2d 583 (Ala. 1994). In that case the plaintiff sued Time Insurance Company, alleging breach of contract, bad faith, and fraud. Time Insurance hired Charles Whitley, an employee of Equifax Services, to investigate the claim. The plaintiff subpoenaed Whitley for a deposition. Upon receiving the subpoena, Whitley contacted the attorney for Time Insurance and arranged a meeting to prepare for the deposition. During the deposition, Whitley was asked if he and the attorney for Time had met before the deposition and, if so, what they had discussed at their meeting. The attorney for Time Insurance advised Whitley not to answer the question. The trial judge ordered Whitley to answer.
Whitley petitioned for a writ of mandamus directing the trial court to set aside the order compelling the disclosure of communications. We issued the writ, stating:
 "The elements of the attorney-client privilege are set out by C. Gamble, McElroy's Alabama Evidence, § 388.01 (4th ed. 1991): '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client [are privileged]. . . .' (Citing Dean Wigmore.) Under this test, we must conclude that the communications between Whitley and Sinor [Time's attorney] are privileged. Whitley sought legal advice from Sinor, who is a legal adviser, and their communications were made in confidence. The advice was sought in preparation for a deposition; therefore, it must be assumed that the communications were related to the pending matter and that Sinor's advice was being sought in his capacity as a legal adviser."
646 So.2d at 584. Thus, this Court in Ex parte Time Insurance
held that Whitley's communications with Time Insurance's attorney were privileged in their own right.
In granting the motion to compel in the present case, Judge Wynn relied on Upjohn Co. v. United States, 449 U.S. 383,101 S.Ct. 677, 66 L.Ed.2d 584 (1981), and Nakajima v. GeneralMotors Corp., 857 F. Supp. 100 (D.D.C. 1994). However his reliance on these cases is misplaced, because neither case is on point with the facts before us. Upjohn concerns the scope of the attorney-client privilege when the client is a corporation, and Nakajima concerns whether communications made by a corporate employee to a corporate attorney are privileged based on the theory of agency. Courson is neither a corporation nor an employee of the City.
We have carefully considered the petition. The Alabama Rules of Evidence, adopted by this Court, went into effect January 1, 1996. Rule 502, "Attorney-Client Privilege," expresses Alabama case law and the historic common law embodied in § 12-21-161, Ala. Code 1975. We agree with the petitioners that Courson is a "client" under Rule 502(a)(1). Under Rule 502(b), "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client." Under the provisions of Rule 502, we conclude that Courson may claim the attorney-client privilege for the confidential communications he had with Attorney Porter. Courson sought legal advice from Porter, the City's attorney, and their communications were *Page 1174 
made in confidence. The advice was sought in preparation for a deposition. Rule 502(c); Ex parte Time Insurance Co., supra.
For the reasons stated above, the petition for the writ of mandamus is due to be granted.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, INGRAM, COOK and BUTTS, JJ., concur.