PER CURIAM.
The defendant, Paul Gonzalez, petitions for a writ of mandamus directing Judge John Jolly of the Franklin Circuit Court to dismiss the capital murder indictment against him. He petitioned for a writ of mandamus from the Court of Criminal Appeals, but that court denied his petition. Ex parte Apolinar, 678 So.2d 1221 (Ala.Crim.App.1996). He has filed a similar petition in this Court. See Rule 21, Ala. R.App. P.
Gonzalez raises several issues pertaining to the circumstances surrounding his indictment, but primarily he contends that his indictment was returned because of evidence that was given to the grand jury in violation of his attorney-client privilege. He contends that Attorney Rebecca Green Thomason was his attorney and that the grand jury heard evidence based on unsolicited and unauthorized disclosures he says Thomason made of conversations he had had with her. Thoma-son, however, denied that she was Gonzalez’s attorney, and the trial judge refused to dismiss the capital murder indictment against Gonzalez.
Mandamus is a drastic and extraordinary writ, and certain criteria must be met before a writ of mandamus will be issued. A writ of mandamus will be issued only when there is (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this court. Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990).
For this Court to issue a writ of mandamus, Gonzalez must show that he has a clear legal right to the order sought. A person who asserts an attorney-client privilege must show (1) the presence of an attorney-client relationship, (2) the facts demonstrating that the communications were within the privilege, and (3) the prejudice the purported client would suffer from any disclosure of the information claimed to be privileged. Bassett v. Newton, 658 So.2d 398, 402 (Ala.1995); see also Swain v. Terry, 454 So.2d 948 (Ala.1984). We conclude that Gonzalez failed to establish the existence of an attorney-client relationship; therefore, he has not shown a clear legal right to the relief he seeks.
*209 Another criterion that must be met for the issuance of a 'writ of mandamus is a showing that the petitioner has no other adequate remedy. If Gonzalez is tried and convicted, he can appeal the decisions of the trial judge to the Court of Criminal Appeals, and can also seek certiorari review of any adverse decision in that court.
We have carefully examined Gonzalez’s petition, the supporting documents, and the briefs. We conclude that he has not met his burden of clearly showing that he is entitled to the relief he seeks or that he-lacks another remedy that would be adequate under the circumstances; consequently, we deny his petition for the writ of mandamus.
WRIT DENIED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.